Gholson, J.
The questions in this case arise upon a finding of facts by the district court, and we are limited to the • inquiry, whether, in the conclusions of law from those facts,, there was error.
It is claimed that the district court should have found the issues for the defendants in the action, and two grounds have been presented as those on which such a finding should have been made. The first is, that the facts show an agreement to give time, made by the creditor with the principal debtor; the second, that the facts show a legal fraud on the rights of sureties, which prevented any liability attaching to them on. the note.
*606 We do not think an inquiry into the first ground is excluded by the finding of the court, that there was no express • agreement to extend the time of payment, made after the delivery of the note. That finding still leaves open the question, whether the other facts found constituted, in law, a subsequent agreement to extend time. If, independent of the negative finding, the other facts, in their legal eifect, showed the essential requisites of a valid agreement to extend the time for the payment of the note, then such an agreement ought to have been found by the court. Those facts, however, can not authorize an inference of any other fact which would show that there was an agreement. This is excluded, both by the mode in which the case is presented to us, and by the finding that there was no express agreement. It is in this sense we understand that finding — upon the question whether there was a subsequent agreement, it wholly excludes the taking into consideration any other facts than those found. We can not, therefore, regard the facts as evidence from which we might infer other facts, and then, from other facts, conclude that there was a subsequent agreement to extend the time for the payment of the note. We are limited strictly to the facts found, and must decide on their legal effect.
The note did not, in terms, specify when it was payable, but was to bear interest from date, payable annually. We think the construction claimed by the counsel for the plaintiffs in error, is the correct one; that, in legal effect, the note was payable immediately, and that the intent in providing as to the payment of interest to be made annually, was to meet the contingency that immediate payment should not be demanded, or, being demanded, should not be obtained until a year or more might elapse, and thus guard against any loss to the lender.
The note, in legal effect, being payable immediately, it necessarily follows that any parol understanding before and at the time of the delivery of the note, can not contradict ,such its legal effect. Thurston v. Hays, 6 Ohio St. 1. In this case there was a parol understanding, at the time the *607 loan was negotiated, that two per cent, should be paid in advance, in addition to ten per cent, to be included in the note, for the use of the money for one year, and the same as to any other year for which the loan should be extended. The effect of this understanding and the payment under it, of the two per cent, in advance, as creating an obligation to extend the time of payment, must be controlled and limited by the legal effect of the note. While the lender was willing to loan his money from year to year on the payment of the usury in advance, he insisted on and received a security, by the terms of which he might, if so disposed, close the arrangement by the collection of his money. In making the loan and contemplating an extension of it from year to year, he may have desired a security which he might immediately enforce, if circumstances should so require. ITe did take a note payable immediately, and the payment of which he could enforce at any time, unless bound by some contract not to do so. The parol understanding, at and before the time of the delivery of the note, can not be permitted to restrict the terms of the note. If that understanding can be regarded as a fact in the case, it can only be taken in connection with the other facts, the giving the note, and the terms of the note. And the facts, taken together, must have their appropriate legal effect.
In view of this difficulty, reliance is placed on the payment made at the end of the first year. It is claimed, that although the parol understanding can not control the legal effect of the note, it may be used to explain the intent and object of the payment of sixty dollars in addition to the year’s interest, and to show that such payment was the consideration for, and established an agreement to extend the time of payment for one year. The argument is ingenious, but, we think, it does not overcome this difficulty, that, if the parol understanding can be resorted to for the purpose of showing the object and intent of the parties, in making and receiving the payment, still that parol understanding can not be properly separated from the accompanying fact, the taking a note which was payable immediately. If the note, during the first year, was held as a security, available at any moment — if such was the intent of *608 the parties, shown by their acts — if such the legal effect of the acts done, taken together — there can be no propriety in concluding that there was a different intent or effect during the second year. Every reason which could operate to hold the .note as a security immediately available during the first year', would apply to the second. It is assuming the very point in 'dispute, to say that the note is to be regarded, in view of the inquiry as to the effect of the payment at the end of the first year, as if then payable, or as a note payable one year after date. On the contrary, the understanding, and the expression in the note as to interest, contemplated that the loan was to continue; but the terms of the note also showed that, as a security for the loan, it was to be available at any time.
It will be observed that we have not the simple case of a payment of interest in advance, from which an agreement to extend the time of the payment of the debt may be inferred; and of which agreement, it has been said in a recent case, such payment would, as a general rule, be prima facie evidence. The inference of an agreement being authorized by a general proposition, “that a party receiving the consideration is bound to perform the thing for which the consideration was paid and receivedPeople’s Bank v. Pearsons, 80 Vermt. 711—715. We have the case of the payment of a sum of money by a principal debtor to his creditor, under particular circumstances, found and stated, and which circumstances, taken in connection with the payment, the sureties claim, constitute, in law, an agreement to give time. From those circumstances, it appears that the payment was not made under an agreement then newly made, but in pursuance of a previous understanding between the parties had before and at the time of the delivery of the note. Such is the express finding of the district court. If we disregard that understanding, we have the mere fact of the payment, in part, of a debt due. If we take into consideration the understanding in pursuance of which the payment was made, then the consequences which have been before stated must follow. The plaintiffs in error fail to make out a subsequent agreement to extend time, because they can not be permitted to take one part of the understanding or *609 arrangement as to the loan, and reject the other by which it is qualified and explained.
It is claimed that the case of McComb v. Kittridge, 14 Ohio, 348, is an authority, decisive of this case. The views we have expressed, proceed on the circumstances of this case, and in no respect militate with the decision in McComb v. Kittridge. We understand that case as deciding that a valid promise to pay interest on a note past due, for a definite future period, is a sufficient consideration for an agreement to forbear for that time. The case is cited to sustain that proposition, in an elaborate review of the authorities, on the subject of the discharge of sureties by giving time. 2 Am. Lead. Cas. 307. There is language in the opinion delivered in the case of McComb v. Kittridge, from which it might be inferred, that a note for usurious interest alone, would, in itself, constitute a sufficient consideration. But as well remarked, by counsel for plaintiffs in error in this case, when the facts and the entire opinion are examined, it appears that' the note was regarded as only in part the consideration, the entire consideration being, as shown by the facts, the promise to pay ten per cent, interest, for the time specified, the-usurious part of which was witnessed by a separate note. The reasoning of the judge also shows that there was an excess of consideration, and though that excess being usurious could not be recovered, it did not, under our law, vitiate the-residue, or make it an insufficient consideration.
It is proper, also, to remark, that in the case of McComb v. Kittridge, there was evidence of an express promise to extend the time of payment, and the only question was, as to-the sufficiency of the consideration. The court was not called on to infer a promise from the receipt of the consideration, nor were there, as in this case, circumstances showing-that no such inference could be properly made. We might assume, that the actual payment of usurious interest would be a sufficient consideration for an agreement to give time,, and it could, in no way, affect the views we entertain and have expressed, as to the point under consideration. Whether such payment would bo a sufficient consideration, is a ques- *610 tion, as to -winch different opinions have been entertained, but it is one which does not necessarily arise in this case, and which we do not decide.
We proceed to the second ground on which it is claimed that the district court should have found for the defendants in the action — fraud in the contract of loan. The case of Selser v. Brock, 3 Ohio St. 302, decides that the exaction of usury in the contract of loan, did not operate as a fraud upon the sureties. The understanding that two per cent., in addition to the interest expressed in the note, was to be paid in advance, and that the agreement to pay this was not to be contained in the note, is disclaimed by counsel for plaintiffs in error, as the fraud on which they rely. The real ground of complaint is stated to be “ that Brown and Robison agreed, that in consideration of the annual payment of the usurious premium in advance, and the legal interest at 'the end of each year, the loan should be continued for one year, and so long thereafter as Robison wanted the money — that is, for an indefinite period of time — without the knowledge or consent •of the sureties — and that that agreement was executed for two years after the note was due.”
The ground here presented is, we think, really the one already examined, and untenable for the reasons already expressed. If there was a parol understanding, to the effect ■claimed, it was not consummated. The fraud, if any, was without injury. The giving time after the execution of the note, depended not on any previous understanding, but on the discretion of the lender. So the sureties were not affected by any such previous understanding — the terms of their contract were not affected by it, and they had the right at any time to pay off the debt, and proceed against their principal, or to pursue any other remedy which the law might give.
If there was, according to the legal effect of the acts done, no agreement which bound the creditor to give time, from year to year, or for an indefinite time, what afterward occurred can only be regarded as a voluntary indulgence, which very clearly does not discharge the sureties.
*611 The court, in this case, expressly find that the creditor, at no time, attempted any concealment from, or made any misrepresentations concerning the terms of the loan to the sureties. He exacted usurious interest, but that, it has been held, is not fraud, and we see nothing else in the case upon which .such a charge can be sustained.

Judgment affirmed.

Scott, C.J., and Peck, J., concurred.
Brinkerhoff, J.,
was unable to see his way clear to the •conclusions to which the majority of the court arrived, and, therefore, wishes to be considered as doubting their correctness.